# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Walter Krantz, individually and as Guardian and next friend for his minor child, T.K., and Katherine Krantz, individually and as Guardian and next friend for her minor child, E.K.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>Brandon Smith and Jamie Smith,<br><br>　　　　　　　Defendants. | Civil Action No.: 3:19-cv-02512-JMC<br><br>**ORDER AND OPINION** |

　　This matter is before the court upon Walter and Katherine Krantz's (collectively "Plaintiffs")[1] Motion to Remand the case to the Court of Common Pleas for Richland County, South Carolina. (ECF No. 8.) Plaintiffs assert in the Motion that Brandon and Jamie Smith's (collectively "Defendants") Notice of Removal (ECF No. 1) was untimely and therefore improper. Defendants oppose Plaintiffs' Motion and ask the court to retain jurisdiction. (ECF No. 12.)[2] For the following reasons, the court **GRANTS** Plaintiffs' Motion to Remand (ECF No. 8).

## I.　　FACTUAL AND PROCEDURAL BACKGROUND

　　On September 22, 2017, Plaintiffs filed their Complaint (Civil Action No. 2017-CP-40-05720) against Defendants Walter and Katherine Krantz, alleging negligence and gross negligence, breach of express and implied warranties, breach of contract, fraud, and negligent

---

[1] The Motion was brought by Walter, individually and as Guardian and next friend for his minor son, T.K., and Katherine Krantz, individually and as Guardian and next friend for her minor daughter, E.K.

[2] Initially Defendants' Response in Opposition was filed as ECF No. 9. The court acknowledges that this numbering conflicts with Defendants' Motion to Stay Deadlines (ECF No. 9) previously filed in the docket. Henceforth, Defendants' Response is ECF No. 12.

1

misrepresentation. (ECF No. 1-2; ECF No. 8-2.) On July 9, 2019, Plaintiffs filed a separate Complaint (Civil Action No. 2019-CP-40-03721) with similar underlying facts and causes of action as the first Complaint. (ECF No. 1-1.) However, the new Complaint included two additional causes of action for negligence *per se* and breach of contract with a fraudulent act and added Plaintiffs' two minor children as Plaintiffs to the action, alleging injuries stemming from the same facts alleged in the previous Complaint. (*Id.*) Plaintiffs' children would be represented by Plaintiffs as Guardians and next friends. (*Id.*)

On July 10, 2019, Plaintiffs filed a Motion to Amend the initial Complaint and joinder of additional plaintiffs in state court. (ECF No. 1-2 at 3.) In the alternative, Plaintiffs requested to consolidate the aforementioned Complaints. (*Id.*) Plaintiffs justified the move to amend or consolidate to circumvent duplicative efforts and avoid unnecessary costs. (*Id.* at 1-3.)

On July 11, 2019, counsel for Plaintiffs obtained consent of all counsel of record for Defendants consolidating the two cases; the proposed Consent Order Consolidating Cases with all Defendants' counsel of record was subsequently filed. (ECF No. 1-3; ECF No. 8-4, 8-6.) The same day, counsel for Defendants received Plaintiffs' Complaints and courtesy draft of the Acceptance of Service for the Summons via email. (ECF No. 8-5.) The proposed Consent Order was approved by the state court on July 22, 2019, and filed on July 24, 2019. (ECF No. 1-3; ECF No. 8-7.) Thereafter, Defendants state that proper service of process of the Amended Summons and Complaints, as well as the Complaint from the 2019-CP-40-03721 case was effected on August 8, 2019, when the Complaints were formally served. (ECF No. 12 at 4.)

On September 6, 2019, Defendants filed their Notice of Removal, asserting that this court had jurisdiction over the matter under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446. (ECF No. 1.) The Notice avers that all Defendants are completely diverse from all Plaintiffs,

the amount in controversy is met based on the amended pleadings, and that notice was effectuated on August 8, 2019. (ECF No. 1 at 3; ECF No. 12-2.)

Plaintiffs challenge the timeliness of removal under 28 U.S.C. §1446(b). (ECF No. 8-1 at 5–6.) Specifically, Plaintiffs allege that Defendants' Motion to Remove is timebarred. (*Id.* at 5–9.) Defendants, invoking the Revival Doctrine[3], assert that removal is not timebarred because the time to file was revived upon proper service of the Amended Complaint.

Plaintiffs state the revival exception is inapplicable here because removal had to exist before filing the Amended Complaint. (ECF No. 8-1 at 5–6, 9–10.) Defendants oppose these allegations, claiming the inclusion of personal injuries in the new Complaint, when consolidated with the original Complaint "radically changes" the case, thus triggering the revival exception. (ECF No. 12 at 5–9.)

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court when the court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity

---

[3] The Revival Doctrine will be referred to as the "revival exception" hence forth. The revival exception grants a defendant the ability to remove a case beyond the thirty-day limitation period of 28 U.S.C. § 1446(b). However, two requisite conditions must be met before application of the exception. First, the case was initially removable and that the defendant waived that opportunity. Second, a defendant must show that either: (1) the plaintiff mislead the defendant about the true nature of the case until after the limitation period expired, or (2) the plaintiff discovered new facts during the case warranting a fundamentally different claim. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 966 (7th Cir. 1982*)*.

requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge*, 7 U.S. at 267).

The party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Federal courts may exercise original diversity jurisdiction only when no plaintiff and no defendant are citizens of the same state. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Because federal courts are courts of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981).

Under 28 U.S.C. § 1446(b)(1), a removing defendant must file its notice of removal with the district court "within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." If the district court determines at any time before entering final judgment that it lacks subject matter jurisdiction over a removed action, it must remand the action to state court. 28 U.S.C. § 1447(c).

### III.     ANALYSIS

#### A. *The Parties' Arguments*

Plaintiffs assert the July 11, 2019 email containing the new Complaint and a courtesy draft of the Acceptance of Service, together with Defendants' signatures on the proposed Consent Order Consolidating Cases, trigger the time within which removal could be sought. (ECF No. 8-1 at 4–7.) Therefore, Plaintiffs claim the Notice of Removal filed on September 6, 2019, fifty-seven days later, was twenty-seven days too late. (*Id.* at 6–8.) In response, Defendants argue the time for

4

calculating removal began on August 8, 2019, when Defendants were formally served with the Amended Complaint; and therefore, the September 6, 2019 removal was timely. (ECF No. 12 at 4–5.) Plaintiffs, anticipating Defendants' response, argued in the alternative, that even if the July 11, 2019 email did not trigger the time within which removal could be sought, Defendants' signature on and notice of electronic filing of the Consent Order on July 24, 2019 serves as the time with which Defendants could ascertain the case was then removable, and therefore the September 6, 2019 filing of the Notice of Removal was untimely. (ECF No. 8-1 at 7–8; ECF No. 8-7.) Defendants maintain that Plaintiffs have misconstrued the rules regarding removal, suggesting that the Amended Complaint requires proper service. (ECF No. 12 at 4–6.)

Plaintiffs argue consolidating the new Complaint with the original Complaint does not radically alter the basis of the suit to render the case removable. (ECF No. 8-1 at 9–10.) Moreover, were the court to apply the revival exception, Plaintiffs reason the Amended Complaint does not alter the basis of the suit; and therefore, Defendants' Notice of Removal was untimely for the same reasons listed above. (*Id.* at 9–11.)

B. *The Court's Review*

To analyze when the removal period begins, the court must first address the ambiguity in 28 U.S.C. § 1446(b)(1) as it pertains to Defendants' position that service of the Amended Complaint triggers the thirty-day clock.

Both Plaintiffs and Defendants acknowledge that notice of removal "shall be filed within [thirty] days after the receipt by the defendant, *through service or otherwise*," in their Motion to Remand and Response in Opposition, respectively. 28 U.S.C. § 1446(b)(1) (emphasis added); (ECF No. 8-1 at 4-5; ECF No. 12 at 4.) But, debate over "through service or otherwise" has been hotly contested in this nation's courts. *Smith v. Kelso*, No. 2:20-cv-0180-DCN, 2020 U.S. Dist.

5

LEXIS 67380, at *7 (D.S.C. Apr. 16, 2020). One would assume that the statute invites counsel to interpret the thirty-day clock for removal begins to run upon a defendant's receipt of the complaint, regardless of whether service was indeed proper. This tension was addressed in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

In *Murphy Bros.*, the issue before the Court was "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run. Or, may the [thirty]-day period start earlier, on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed Complaint faxed by counsel for the plaintiff." *Id.* at 347.

> The Supreme Court intoned:
>
>> We read Congress' provisions for removal in light of a bedrock principle: *An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process*. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*. (Emphasis added.)

*Id.* at 347–48. The Supreme Court held that the time for removal only began once a defendant was formally served with a copy of the Complaint. *Id.* at 356. A "courtesy copy" sent to the defendant prior to proper service is not sufficient. *Id.* "The Supreme Court reasoned that Congress's inclusion of the phrase 'through service or otherwise' was intended to extend, not limit, a defendant's time for removal in excess of the traditional rule that proper service triggered the removal clock." *Smith*, No. 2020 U.S. Dist. LEXIS 67380, at *8–9. Therefore, under 28 U.S.C. § 1446(b)(1), Defendants had thirty days to remove an action from the time proper service was effected.

*Murphy Bros.* is distinguishable on its facts. *Murphy Bros.* involved an initial pleading and

a defendant that had yet been brought formally into the litigation. The defendant in *Murphy Bros.* had not yet appeared in the case. The Court reasoned that, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros.*, 526 U.S. at 350.

Here, Defendants were properly served with the initial Complaint on September 22, 2017, and thus formally brought into the litigation. (ECF No. 1-2 at 4.) Indeed, Defendants were actively defending the case prior to the Amended Complaint. (ECF No. 1 at 2.) On July 10, 2020, Plaintiffs filed the Motion to Amend. (ECF No. 1-2 at 3.) Defendants aver they did not waive the right to receive formal service of the Amended Complaint and thus Plaintiffs run afoul the proper service rule. (ECF No. 12 at 4-5.)

Contrary to Defendants' contention, there is no statutory requirement that Defendants be formally served with an *Amended* Complaint prior to removal. To address this wrinkle, the court relies upon 28 U.S.C. § 1446(b)(3):

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, *motion, order or other paper from which it may first be ascertained* that the case is one which is or has become removable. (Emphasis added.)

Once a defendant is properly before a court and discovers grounds that would justify removal, the defendant is required to remove within "thirty days of discovering those grounds, regardless of whether such information is contained in formally served amended pleadings or from some other source." *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) (citing *Trahant v. Metro. Prop. & Cas. Ins. Co.*, 2000 U.S. Dist. LEXIS 14870, at *5 (E.D. La. Oct. 3, 2000)). Upon review, the court notes that Plaintiffs refer to the Acceptance of Service in their July

11, 2019 email as "a courtesy draft."[4] (ECF No. 8-1 at 6–7; ECF No. 8-5.) Defendants consented to the draft and their names were added to the Consent Order Consolidating Cases, which was filed on July 24, 2019 in state court. (ECF No. 8-7.) Since Defendants' signatures are affixed to the Consent Order Consolidating Cases, they affirm to have read the new Complaint and Summons attached to the email.

To establish at what point it "may first be ascertained" that a case is removable, the Fourth Circuit has stated that it "will not require courts to inquire into the subjective knowledge of the defendant," but instead, it will "allow" district courts to "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). The thirty-day clock does not begin to run until a defendant receives "some indicia of removability." *Hurley v. CBS Corp.*, 648 F. App'x 299, 304 (4th Cir. 2016) (per curiam); *York v. Prop. & Cas. Ins. Co. of Hartford*, 592 F. App'x 148, 151 (4th Cir. 2014) (per curiam). Per § 1446(b), the "initial pleadings or other papers" must provide "a clue" that removal is available. *Shonk Land Co., LLC v. Ark Land Co.*, 170 F. Supp. 2d 660, 662 (S.D. W. Va. 2001) (Goodwin, J.); *Link Telecommc'ns, Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 541-42 (D. Md. 2000) (citing *Kaneshiro v. N. Am. Co. for Life and Health Ins.*, 496 F. Supp. 452, 460 (D. Haw. 1980)).

Although Defendants are correct that service of process was not formally effectuated until August 8, 2019, this is not the standard under § 1446(b)(3). "The 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether

---

[4] A courtesy draft of the service of the complaint is not the same as a courtesy draft of the complaint as in *Murphy*.

communicated in a formal or informal manner.'" *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (quoting *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994)). Upon review and consent to the Motion of Consolidation, Defendants should have ascertained the Complaint exceeded minimum jurisdictional requirements and was therefore removable. (ECF No. 1-2 at 24–25.) Indeed, this court has previously acknowledged that a defendant may become aware of removability when a state court grants a Consent Order to Amend Complaint. *Kueilin Lu Tu v. U-Haul Co. of S.C., Inc.*, 333 F. Supp. 3d 576, 579 n.2 (D.S.C. 2018) (noting service of the amended complaint is not required to remove an action to federal court). The court agrees with Plaintiffs that even if the removal period is started on July 11, or July 24, 2019, Defendants' Motion to Remand was untimely. (ECF No. 8-1 at 7.)

      Defendants, however, seek to invoke the common law "revival exception" to the thirty-day removal rule allowing removal of a civil action beyond the thirty-day limitation when "the complaint is amended so *substantially* as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (emphasis added); (ECF No. 1 at 8–10; ECF No. 12 at 5–9.) While the United States Court of Appeals for the Fourth Circuit has yet to consider the issue, sister circuits have held that the exception does exist. *See Johnson*, 227 F.3d at 241; *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982); *but see Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1350–58 (S.D. Ala. 2014) (holding that the plain language of 28 U.S.C. § 1446(b) precludes a revival exception). The exception applies only when the amended complaint ostensibly "changes the nature of [plaintiff's] action as to constitute 'substantially a new suit begun that day.'" *Wilson*, 688 F.2d at 965; *see also Paraclete Aero, Inc. v. Protective Prods. Enters., LLC*, No. 1:13-325, 2013 WL 6070377, at *3 (M.D.N.C. Nov. 18, 2013).

The Parties present the court with their applications of the revival exception as set forth in *Miller v. Martin,* Civ. A. No. C-87-226-G, 1987 WL 46753, at *3 (M.D.N.C. July 20, 1987). (ECF No. 1 at 8–11; ECF No. 8-1 at 5–6; ECF No. 12 at 6–8.) Upon careful review of the Notice, Motion to Remand, Response in Opposition, and caselaw, the court finds that Defendants have interpreted the revival exception too broadly. The revival exception allows a defendant removal beyond the thirty-day limitation, but only if the case were initially removable. *See Johnson*, 227 F.3d at 241; *Wilson*, 668 F.2d at 965; *Figgs v. Lendmark Fin. Servs., LLC*, No. JFM-16-566, 2016 U.S. Dist. LEXIS 78594, at *4 (D. Md. June 15, 2016). A plain reading of Plaintiffs' initial Complaint reveals that the case was not initially removable. (ECF No. 8-1 at 6.) Defendants agree. (ECF No. 1 at 2.) Since both Plaintiffs and Defendants agree the initial pleading was not removable, the court finds the revival exception inapplicable here.

Having carefully analyzed the record in its entirety, the court is of the opinion that Defendants have failed to demonstrate timely removal. *Strawn*, 530 F.3d at 298. Accordingly, Defendants' September 6, 2020 Notice of Removal (ECF No. 1) is untimely.

## IV.     CONCLUSION

For the aforementioned reasons, the court **GRANTS** Plaintiffs' Motion to Remand (ECF No. 8) and **REMANDS** this case to the Court of Common Pleas for Richland County, South Carolina because the court does not have subject matter jurisdiction.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 18, 2020
Columbia, South Carolina